UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:14-CR-2 |
| | ) | Judges Jordan/Shirley |
| GARY S. VALENTINE | ) | |

## ORDER OF FORFEITURE

On January 14, 2014, an Indictment was filed in the above-referenced case charging defendant, GARY S. VALENTINE, with among other counts, conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One).

In the forfeiture allegations of the Indictment, the United States sought forfeiture pursuant to 21 U.S.C. § 853 of the defendant's interest in any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§ 841 and/or 846, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, including, but not limited to the following property:

### Money Judgment

A Money Judgment in the amount of $1,250,000.00, in U.S. currency, which represents the proceeds of the sale of methamphetamine against the defendants, JOHN A. AYERS, also known as Blondie, GARY S. VALENTINE, VICTOR M. LYNN, PAULA W. TEAGUE, and DONNA S. ROBERTS, who shall be jointly and severally liable for the money judgment.

### U.S. Currency

$14,732.00 U.S. currency seized from Gary S. Valentine on October 22, 2013 at 1919 Kimberlin Heights Road, Knoxville, Tennessee.[1]

---

[1] Administrative forfeiture was completed by the Drug Enforcement Administration on this currency on February 18, 2014. A Notice of Administrative Forfeiture was filed with this Court on May 9, 2014 [Doc. 396].

**Real Property:**

Real Property known and numbered as **1919 Kimberlin Heights Road, Knoxville Tennessee, 37920**, with all appurtenances, improvements, and attachments thereon, is more fully described as:

Situate in the Sixth (6th) Civil District of Knox County, Tennessee, and being a 1.54 acre tract, more particularly described as follows:

BEGINNING on an iron pin in the northwesterly right-of-way of Kimberlin Heights Road, said iron pin being 1404.0 ft. more or less in a northeasterly direction from the intersection of Kimberlin Heights Road and Dodson Road, and being a corner to a gravel drive and other lands of Valentine; thence leaving said right-of-way and with the line of said gravel drive and other lands of Valentine, north 25 deg. 22 min. 30 sec. west 246.15 ft. to an iron pin; thence north 60 deg. 34 min. 32 sec. east 195.57 ft. to an iron pin in the line of John E. Settlemyer, WDB 963, PG 63, in the Register's Office for Knox County, Tennessee; thence leaving other lands of Valentine, and with the line of Settlemyer, south 43 deg. 00 min. 00 sec. east 333.65 ft. to an iron pin in the northwesterly right of way of Kimberlin Heights Road; thence leaving the line of Settlemyer and with said right-of-way, south 77 deg. 29 min. 59 sec. west 180.82 ft. to an iron pin; thence with a curve to the left, A=121.26, R=780.00, B=S 73 deg. 02 min. 45 sec. west, CH=121.14 ft. to the point of BEGINNING, and containing 1.54 ac. more or less, according to a survey by Howard T. Dawson, RLS, Tennessee No. 1301, 124 Maryville Pike, Knoxville, TN 37920, dated November 20, 2000.

FOR REFERENCE TO TITLE see Warranty Deed Book 2087, Page 726, in the Register's Office for Knox County, Tennessee.

Being that property conveyed unto GARY S. VALENTINE, by General Warranty Deed of Barbara E. Valentine and husband Billy E. Valentine, in instrument 200102050050526, dated January 31, 2001, and recorded in the Register's Office for Knox County, Tennessee.

On June 9, 2014, a Plea Agreement was filed in the above-referenced case in which the defendant agreed to plead guilty to Counts One and Twenty of the Indictment and agreed to forfeit his interest in any facilitating property and any property subject to forfeiture as proceeds for the defendant's criminal activities.

On June 17, 2014, this Court accepted the guilty plea of the defendant, GARY S. VALENTINE, and by virtue of the guilty plea and conviction, the Court determined that the

2

property described above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the offenses.

Billy E. Valentine and wife, Barbara E. Valentine, agreed to pay the sum of One Hundred Twenty-Nine Thousand and Forty Dollars ($129,040.00) in U.S. currency in lieu of forfeiture of the real property described above. The United States agreed to accept the sum of $129,040.00, in full satisfaction of the forfeiture allegations against the real property and buildings, improvements, fixtures, attachments and easements located at 1919 Kimberlin Heights Road, Knoxville Tennessee, which represents property that was used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§ 841 and/or 846 as alleged in Count One of the Indictment. A Consent Order of Forfeiture signed by all parties was filed on January 26, 2015 (Doc. 895).

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of the defendant, GARY S. VALENTINE, for offenses in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), the United States is hereby authorized to seize the following property, and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

   **Money Judgment**

   A Money Judgment in the amount of $1,250,000.00, in U.S. currency, which represents the proceeds of the sale of methamphetamine against the defendant, GARY S. VALENTINE, who shall be jointly and severally liable with the co-defendants for the money judgment.

   **Currency**

   $129,040.00 in United States currency in full satisfaction of, and in lieu of the forfeiture allegations for the real property located at 1919 Kimberlin Heights Road, Knoxville Tennessee, 37920 belonging to the defendant, as set forth in the Indictment.

3

2. That the United States Marshals Service or its designated agency shall dispose of the forfeited property according to law.

3. That in accordance with Rule 32.2(b)(4)(A), this Order of Forfeiture will become final as to the defendant at the time of sentencing and will be made part of the sentence and included in the Judgment.

4. That the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $1,250,000.00 to satisfy the money judgment in whole or in part.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

6. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service, and to the United States Attorney's Office.

ENTER:

_____
R. LEON JORDAN
UNITED STATES DISTRICT JUDGE

Presented by:

WILLIAM C. KILLIAN
United States Attorney

By: _____
CARYN L. HEBETS
Assistant United States Attorney

_____
GARY S. VALENTINE
Defendant

_____
TOMMY K. HINDMAN
Attorney for Defendant

4