UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY S. VALENTINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:14-CR-2-RLJ-CCS-2 |
| ) | 3:15-CV-376-RLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 973].[1] Petitioner has filed a memorandum in support of the § 2255 motion [Doc. 974], the Government filed its response [Doc. 989], and Petitioner filed a reply [Doc. 1007]. For the reasons stated below, Petitioner's § 2255 motion [Doc. 973] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   **BACKGROUND**

Beginning in May of 2009 through January of 2014, Petitioner and several codefendants conspired to distribute in excess of 4.5 kilograms of actual methamphetamine [Doc. 449 ¶ 4(a)]. Specifically, Petitioner and co-defendants would obtain and transport quantities of methamphetamine from Georgia to the Eastern District of Tennessee for further distribution [*Id.* ¶ 4(b)]. The majority of the methamphetamine was maintained at Petitioner's residence prior to distribution [*Id.*].

Between July 31, 2013 and October 16, 2013, law enforcement used confidential informants, surveillance and intercepted phone calls to determine Petitioner was involved in the

---

[1]   All citations to the record are found on the docket of Case No. 3:14-CR-2.

acquisition, transportation and distribution of methamphetamine [*Id.* ¶¶ 4(c)-(i)]. During their surveillance, law enforcement officers observed a flatbed truck, operated by the co-defendants, leaving Petitioner's residence with another vehicle in tow [*Id.* ¶ 4(j)]. Officers subsequently stopped the truck [*Id.*]. After a K-9 arrived and alerted to the trunk of the vehicle in tow, officer's searched the vehicle and found 417.6 grams of actual methamphetamine [*Id.*]. The following day, the officers executed a search warrant at Petitioner's residence and discovered 1,278 grams of actual methamphetamine, assorted drug paraphernalia including ledgers, scales and baggies, and a Springfield model 67 series 410 gauge pump shotgun [*Id.* ¶ 4(k)]. After being advised of and waiving his *Miranda* rights, Petitioner agreed to speak with law enforcement officers about his involvement in the conspiracy [*Id.* ¶ 4(l)]. In total, Petitioner admitted to distributing more than 4.5 kilograms of actual methamphetamine during the course of the conspiracy [*Id.* ¶ 4(o)].

On January 14, 2014 a federal grand jury for the Eastern District of Tennessee filed a twenty-five count indictment against Petitioner and twenty-five codefendants [Doc. 4] charging Petitioner specifically with one count of conspiracy to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count One) [Doc. 4-2]; one count of possessing with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count Seventeen) [*Id.*]; and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Twenty) [*Id.*].

On June 9, 2014, Petitioner pleaded guilty to Counts One and Twenty of the indictment, pursuant to a written plea agreement [Doc. 450]. Before sentencing, the Government filed a motion for downward departure based on Petitioner's substantial assistance [Doc. 696]. On April 29, 2015, the Court granted that motion and subsequently sentenced Petitioner to an

2

aggregate term of 262 months' imprisonment, consisting of concurrent terms of 262 months for the drug offense and the 120-month statutory maximum for the firearms offense [Doc. 962].

On August 24, 2015, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 raising multiple theories of ineffective assistance [Doc. 973]. The matter is now ripe for review.

## II. TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Petitioner's one-year period for requesting relief under subsection (f)(1) expires on May 13, 2016, one year after his conviction became final for purposes of that section on May 13, 2015 [Doc. 491]. The original petition—filed on August 24, 2015—falls safely within the permissible period for requesting collateral relief.

## III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

3

Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates two grounds of collateral challenge in his petition, including: (1) constitutionally deficient assistance by counsel for failing to object to the sufficiency of the indictment (Ground One) [Doc. 974 p. 2]; and (2) ineffective assistance by counsel for misleading Petitioner into pleading guilty to crimes not charged in the indictment (Ground Two) [Doc. 974 p. 7]. Neither warrant relief.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the Petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting

4

aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

### A. Ground One: Ineffective Assistance for Failing to Object to the Sufficiency of the Indictment

Petitioner's first theory alleges his attorney deviated from professional norms by failing to object to the sufficiency of the indictment [Doc. 974 p. 2]. Petitioner presents several sub-theories of counsel's alleged ineffectiveness as it relates to the indictment, which include: (1) counsel's failure to object to the Court's jurisdiction over Petitioner on the grounds the indictment does not allege Petitioner's conduct had a "substantial effect on interstate commerce" [*Id.*]; (2) counsel's failure to object to Count One's failure to identify the required mens rea for the offense [*Id.* p. 3]; (3) counsel's failure to object to Count Twenty as duplicitous on the grounds that Count Twenty charges Petitioner with two distinct offenses in the same Count [*Id.* p. 4]; (4) counsel's failure to object to Count One and Seventeen as "multiplicitous," on the grounds that Count Seventeen charges Petitioner with the lesser included offense of Count One [*Id.* p. 5]; and (5) counsel's failure to object to the authenticity of the indictment based on its failure to bear the signature of the grand jury foreperson [*Id.*]. Included in Petitioner's first theory is an additional allegation, unassociated with the sufficiency of the indictment, that counsel was also deficient for failing to object to the effectiveness of the plea agreement based

5

on the Government's alleged failure to sign it [*Id.* p. 6]. As the Government has correctly argued, none of Petitioner's foregoing theories warrants relief.

Petitioner's first sub-theory—that counsel was ineffective for objecting to the Court's lack of jurisdiction to convict and sentence Petitioner because the indictment failed to allege his conduct had a "substantial effect on interstate commerce"—is without merit. Petitioner was charged under the Controlled Substance Act for his violation of 21 U.S.C. § 841. It is well settled that Congress has the power to regulate the distribution of controlled substances under the Controlled Substances Act pursuant to its powers under the Commerce Clause. *United States v. Scales*, 464 F.2d 371, 375 (6th Cir. 1972). "Upon such a determination that the regulated class of activities is within the reach of Congress's powers under the Commerce Clause, a court may not inquire whether the individual incident before it has the necessary nexus with interstate commerce" *Id.* To that end, there is no requirement that the indictment for the present offense allege a substantial effect on interstate commerce because it is presumed, and therefore the sufficiency of the indictment is not objectionable on that basis. Consequently, counsel cannot be faulted for failing to make an objection on those grounds. *See e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (counsel is not constitutionally ineffective for not pursing meritless claims); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding an attorney is not ineffective for failing to raise a meritless objection).

Petitioner's next sub-theory—that counsel was ineffective for failing to object to Count One's inability to identify the required mens rea for the offense—also fails. Contrary to Petitioner's claim, Count One reads, "[Petitioner]…did knowingly, intentionally . . . conspire" to distribute at least 50 grams of methamphetamine [Doc. 4 p. 2]. Thus, "knowingly and

6

intentionally" is the required mens rea for the offense in Count One that Petitioner claims is missing. An objection arguing the contrary would be unsuccessful.

Petitioner's third sub-theory— that counsel was ineffective for failing to object to Count Twenty on the grounds that it charges Petitioner with two distinct offenses —is meritless. Petitioner alleges that Count Twenty charges Petitioner with a violation of 18 U.S.C. § 922(g)(1) and § 922(h)(2) [Doc. 974 p. 4]. A review of the record clearly indicates that is not the case. In truth, Count Twenty charges Petitioner with a violation of 18 U.S.C. § 922(g)(1) and identifies 18 U.S.C. § 924(a)(2) as the authorized statutory penalty [*Id.*], again providing no basis for a viable objection.

Petitioner's fourth sub-theory—that counsel was deficient for failing to object to Count Seventeen as improper on the grounds that it was a lesser included offense of the crime charged in Count One—is similarly meritless [Doc. 974 p. 5]. Petitioner argues that "possession" (Count Seventeen) is a lesser included offense of "distribution," (Count One) and that charging Petitioner with both is improper, presumably suggesting that the lesser offense should be absorbed by the greater [*Id.*]. This argument may have been successful if possession was in fact a lesser included offense of distribution. However, it is not. "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." *Schmuck v. United States*, 489 U.S. 705, 719 (1989) (quoting *Giles v. United States*, 144 F.2d 860 (9th Cir. 1944). Possession is not a lesser included offense of distribution because there is no need to possess something in order to distribute it. *See United States v. Colon*, 268 F.3d 367, 376 (6th Cir. 2001) (providing that "the crime of distribution . . . can be committed without actually possessing the controlled substance.).

7

Petitioner's fifth theory—that counsel was ineffective for failing to object to the authenticity of the indictment based on its failure to bear the signature of the grand jury foreperson—is also contradicted by the record. A cursory review of the indictment indicates that it was properly signed, but that the signature was redacted for confidentiality [Doc. 4 p. 15]. As a result, a contradictory objection would have failed. However, as the Government has correctly argued, a missing signature does not invalidate the indictment or provide Petitioner with grounds to argue an "egregious violation" that would warrant objection by counsel or a finding of ineffectiveness based on counsel's failure to object.

Petitioner's next claim of ineffective assistance—that counsel was deficient for failing to object to the effectiveness of the plea agreement based on the Government's alleged failure to sign it—is without merit. Again, a review of the record shows the plea agreement was signed by the Government on July 9, 2014, four days after Petitioner and Petitioner's counsel signed the agreement on July 5, 2014 [Doc. 449 p. 13]. Because the plea agreement was properly signed by all parties, counsel's failure to mount an objection on that ground cannot be characterized as deficient performance. To the extent that Petitioner is arguing the Government did not sign the plea agreement in a timely fashion, the Court find the argument equally meritless. There is no precedent in this district that requires all signatures be signed contemporaneously.

Because *Strickland* requires a showing of both deficient assistance and prejudice, neither of which was successfully demonstrated by Petitioner under any sub-theory, his claim of ineffective assistance based on counsel's failure to object to the sufficiency of the indictment cannot succeed.

### B. Ground Two: Counsel's Alleged Misrepresentation of the Terms of the Plea Agreement

Petitioner's second theory of ineffective assistance of counsel alleges his attorney deviated from professional norms when he induced Petitioner to plead guilty to, and be penalized for, "crimes not charged"[2] in the indictment [Doc. 974 p. 7]. Petitioner argues that because Count One and Count Twenty of the indictment were invalid, counsel was ineffective for compelling Petitioner to plead guilty to those counts [*Id.* pp. 7-9]. Petitioner further argues that penalties arising from Petitioner's plea agreement regarding those charges are improper [*Id.* pp. 10-12]. Specifically, Petitioner claims the four-level enhancement for his role in the offense [*Id.*], the two-level enhancement for maintaining a premise for the purpose of distributing a controlled substance [*Id.* p. 11], and the two-level enhancement for possessing a firearm [*Id.*] are improper because the Counts from which they stem are fatally defective. Petitioner's theory then appears to morph into what the Court perceives to be an *Alleyne* claim—that the imposition of enhancements by the Court without additional findings by the jury is improper [*Id.* p. 12]. *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Petitioner's theory fails on all accounts.

First, the Court has already addressed all of Petitioner's theories regarding the validity of the indictment above. It is abundantly clear to the Court that the indictment is not defective or invalid for any of the reasons Petitioner suggests in his § 2255 motion. If Petitioner's sole argument against the penalties incurred is that the enhancement were improperly applied based on the alleged invalidity of the indictment, his argument must fail.

---

[2] The offenses were charged in the indictment, however, it is Petitioner's stance that the offenses were not officially charged because Counts One and Twenty were not valid due to Count One's alleged failure to charge a substantive crime, confer jurisdiction or allege the essential state of mind requirement and Count Twenty's alleged duplicity.

9

To the extent that Petitioner asserts his Fifth and Sixth Amendment rights were violated because the Court, rather than the jury, determined the existence of facts that increased his sentence, his argument also fails [*Id.* pp. 10-12].

In *Alleyne*, the Supreme Court held "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013). This holding does not, however, impact a district court's discretion to select a sentence *within* a statutory range, nor does it do away with the guideline concept of "relevant conduct." *See Id.* at 2163 ("Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law.").

Petitioner has not identified any judicial fact-finding that increased the statutory range of his punishment; the enhancement about which he complains only affected the advisory guidelines range. As a result, Petitioner's claim fails to provide any basis for granting relief.

Finally, with regards to Petitioner's claim that counsel was ineffective for failing to object to the application of enhancements, the Court disagrees. The record shows, contrary to Petitioner's allegations, that Counsel did in fact object to the enhancements at issue [Doc. 947]. In objection Number Four of the Addendum to the Presentence Report on record, counsel objected to the two point enhancement for possession of a firearm during the course of the offense; in objection Number Five counsel objected to the two point enhancement for maintaining a premises for the purpose of distributing a controlled substance; and in objection Number Six counsel objected to the classification of Petitioner as an organizer or leader of criminal activity and the resulting four level enhancement. Petitioner cannot fault Counsel for doing what Petitioner now claims he should have done. *See e.g., United States v. Sanders*, 404

10

F.3d 980, 986 (6th Cir. 2005) ("Counsel cannot be ineffective for failing to object to what was properly done.").

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 973] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

ENTER:

_____
UNITED STATES DISTRICT JUDGE

11

Case 3:14-cr-00002-RLJ-CCS  Document 1024  Filed 08/01/16  Page 11 of 11  PageID #: 4247